
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTOR HERNANDEZ, | No. 10-56416 |
| Defendant. | D.C. No. 2:00-cv-04572-VBK |
| _____ | |
| JIMMY OGBONNA EWENIKE, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| CAROLYN W. COLVIN,[**] Acting Commissioner of Social Security, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Victor B. Kenton, Magistrate Judge, Presiding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    Pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Carolyn W. Colvin, Acting Commissioner of Social Security, is substituted for Michael Astrue.

Submitted March 8, 2013[***]
Pasadena, California

Before: PAEZ and WATFORD, Circuit Judges, and CONLON, District Judge.[****]

Jimmy Ewenike appeals the district court's denial of his motion under Federal Rule of Civil Procedure 60(b) to reopen and amend an order awarding him attorney's fees pursuant to 42 U.S.C. § 406(b) based on a subsequent award of past-due benefits to his client's minor child. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's denial of relief under Rule 60(b) for an abuse of discretion. *Fantasyland Video, Inc. v. County of San Diego*, 505 F.3d 996, 1001 (9th Cir. 2007). We affirm.

The district court did not abuse its discretion in concluding Ewenike failed to comply with the requirements of Rule 60(b)(2) because he failed to show reasonable diligence in pursuing his claim for attorney's fees from the award to claimant's minor son. *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211-12 (9th Cir. 1987) (no abuse of discretion where movant under Rule

---

[***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[****] The Honorable Suzanne B. Conlon, District Judge for the United States District Court for the Northern District of Illinois, sitting by designation.

2

60(b)(2) failed to show (1) newly discovered evidence, (2) an exercise of reasonable due diligence to discover the evidence, and (3) a likelihood the evidence would impact the prior judgment). For example, he failed to mention fees for the subsequent award to claimant's minor son in his fee petition or to give notice to the district court that his approved fee petition was only preliminary and he would later seek supplemental fees. Accordingly, we affirm the district court's denial of Ewenike's motion to reopen and amend.[1]

**AFFIRMED.**

---

[1] Because the Commissioner's letter has no effect on this court's disposition, Ewenike's informal request to strike the letter is denied.